IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STELLA MARIE EREAUX, personal representative of the Estate of Louis J. Remillard, | Case No. 3:25-cv-01452-SB<br><br>**OPINION AND ORDER** |
| Plaintiff, | |
| v. | |
| ANDREW B. GRASLEY, M.D.; FEDERAL BUREAU OF PRISONS AND UNITED STATES OF AMERICA; INTEGRATED MEDICAL SOLUTIONS, LLC, a Texas limited liability company, AKA Integrated Medical Solutions, Inc., | |
| Defendants. | |

**BAGGIO, U.S. District Judge:**

The Court previously determined that Plaintiff Stella Marie Ereaux ("Ereaux"), a self-represented litigant, was indigent for purposes of 28 U.S.C. § 1915, and therefore granted Ereaux's application to proceed in forma pauperis ("IFP"). (ECF No. 4.) The Court subsequently ordered Ereaux to (1) show cause by November 10, 2025, why the Court should not dismiss Ereaux's lawsuit without prejudice because as a non-attorney, Ereaux may not represent or assert claims on behalf of an estate, or (2) alternatively, retain legal representation, who must file a

PAGE 1 – OPINION AND ORDER

notice of appearance on or before November 10, 2025. (Order Show Cause ("OSC") at 1-8, ECF No. 9.)

Ereaux responded to the Court's OSC by (1) seeking the Court's permission to appoint a non-lawyer to represent her (and by extension, the underlying estate) in a limited capacity, and (2) requesting an additional thirty days to obtain legal representation or move for appointment of pro bono counsel and extension of case management deadlines. (*See* ECF Nos. 10-13.) The Court denied Ereaux's request to proceed without counsel, explaining, among other things, that a non-lawyer (and non-party) may not represent or sign filings for Ereaux or the estate. (ECF No. 11.) The Court, however, granted Ereaux's request for an additional thirty days to seek legal representation and advised Ereaux that if she was unable to retain legal representation within thirty days, she may file a motion for appointment of pro bono counsel and to extend case management deadlines and the Court would take Ereaux's motion under advisement. (ECF No. 13.)

On December 8, 2025, the Court dismissed Ereaux's lawsuit without prejudice because the Court had not received notice that Ereaux retained legal representation or a motion for appointment of pro bono counsel and extension of the case management deadlines. (ECF Nos. 14-15.)

The next day, December 9, 2025, the Court received (and now considers on the merits) Ereaux's (1) notice that her family unsuccessfully attempted to obtain legal representation, and (2) motion for appointment of pro bono counsel and extension of the case management deadlines. (ECF No. 16 at 1-3.) Ereaux explains that since Louis Remillard's ("Remillard") death in 2023, her family "contacted close to 100" law offices but was unable to find a lawyer to represent Remillard's estate. (*Id.* at 2; *see also* ECF No. 12 at 1-2, seeking appointment of

PAGE 2 – OPINION AND ORDER

counsel to "represent [Ereaux's] family" and noting that Remillard has a "minor child age [thirteen] and a surviving mother in her mid [seventies]," "[b]oth [of whom] are affected by the determination of this case"). Ereaux attributes this lack of success "mainly if not entirely [to their] inability to secure the retainer fees necessary" to hire the lawyers that they contacted. (ECF No. 16 at 1-2.)

For the reasons explained in the Court's OSC and below, the Court denies as moot Ereaux's motion to appoint counsel, reopen this case, and extend the case management deadlines.

The Ninth Circuit has "held that there is no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021) (simplified). "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Id.* at 1039. Under "exceptional circumstances," a "court may . . . appoint counsel for indigent civil litigants pursuant to [the IFP statute,] 28 U.S.C. § 1915(e)(1)." *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 925 (9th Cir. 2017) (quoting *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)).

The Supreme Court, however, has held that the "context of that [IFP] statute indicate[s] that its use of 'person' refer[s] only to individuals, not to artificial entities." *United States v. Havelock*, 664 F.3d 1284, 1290 (9th Cir. 2012) (en banc) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-11 (1993)); *cf.* 28 U.S.C. § 1915(e)(1) (providing that a "court may request an attorney to represent any *person* unable to afford counsel") (emphasis added). Courts have subsequently relied on *Rowland* in denying motions to appoint counsel to represent "artificial entities." *See Climate Change Truth, Inc. v. Shipley*, No. 22-cv-00663-SI, 2022 WL 1443244, at

PAGE 3 – OPINION AND ORDER

*3 (D. Or. May 6, 2022) (denying a non-profit corporation's motion for appointment of pro bono counsel and explaining that "*Rowland*'s analysis [was] . . . dispositive"); *Cal. Bd. Sports, Inc. v. Griffin*, No. 10-cv-01849, 2011 WL 671960, at *1 (S.D. Cal. Feb. 14, 2011) (denying a self-represented plaintiff's request to appoint counsel for a limited liability company and explaining that "appointment of counsel . . . does not apply to 'artificial entities'" (quoting *Rowland*, 506 U.S. at 211)).

Furthermore, the record reflects that Ereaux seeks to represent or obtain court-appointed counsel to represent an estate that has multiple beneficiaries. (*See* ECF No. 12 at 1-2, requesting that the Court appoint counsel to "represent [Ereaux's] family," and explaining that Remillard has a "minor child age [thirteen] and a surviving mother in her mid [seventies]," "[b]oth [of whom] are affected by the determination of this case"; ECF No. 16 at 1-3, addressing Remillard's family's receipt of an extension of time in which to obtain counsel and unsuccessful attempts to do so; ECF No. 1 at 12-19, attaching Montana state court documents addressing Ereaux's status).

"Where, as here, an estate has multiple beneficiaries [or] creditors, an attorney must represent a personal representative before the court." *Est. of Sharp ex rel. Sharp v. Callahan*, No. 3:12-cv-00605-TC, 2012 WL 6480845, at *1 (D. Or. Nov. 21, 2012) (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)), *findings and recommendation adopted*, 2012 WL 6217530, at *1 (D. Or. Dec. 11, 2012); *cf. Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (holding that a "sole beneficiary of an estate without creditors may represent the estate pro se," noting that a sister circuit had similarly held that an "administrator and sole beneficiary of an estate with no creditors . . . may appear pro se on behalf of the estate," and explaining that the rule against non-lawyer representation has "no role to play when the only person affected by a

nonattorney's representation is the nonattorney herself," i.e., the rule does not apply in situations that fail to present concerns about "an ill-equipped layperson . . . squandering the rights of the party he purports to represent" (first quoting *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); and then quoting *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (per curiam))).

Other decisions from this district are in accord. *See Est. of Duncan v. Wallowa Cnty. Sheriff's Dep't*, No. 2:19-cv-02017-SU, 2020 WL 13749990, at *1-2, *8-12 (D. Or. Oct. 27, 2020) (dismissing without prejudice the self-represented plaintiff's "action for civil rights violations and a wrongful death claim" so that he could "seek the assistance of an attorney to represent [his son's] [e]state," and explaining that the plaintiff was attempting to proceed "individually and as the personal representative" for his son's estate and that the plaintiff could not "represent the [e]state in federal court in a pro se capacity" because he was "not the only beneficiary of [his son's] [e]state"), *findings and recommendation adopted*, 2020 WL 13750038, at *1-2 (D. Or. Nov. 19, 2020); *see also Allinger v. U.S. Fed. Gov't*, No. 3:24-cv-01367-SB, 2024 WL 4545868, at *6-7 (D. Or. Aug. 27, 2024) (noting that the self-represented plaintiff was "effectively attempting to represent herself, the estate, and heirs or beneficiaries" but the legal authorities cited therein, including *Duncan*, demonstrated that the plaintiff could "not do so" and therefore "[t]he 'proper course' . . . [was] dismissal without prejudice . . . , which [would] allow [the plaintiff] and [her] family to secure the assistance of an attorney and pursue any potential claims"), *findings and recommendation adopted*, 2024 WL 4544307, at *1 (D. Or. Oct. 21, 2024) (Baggio, J.).

Consistent with the Court's OSC and authorities above, and having afforded Ereaux an opportunity to seek legal representation, the Court denies as moot Ereaux's motion (ECF No. 16)

PAGE 5 – OPINION AND ORDER

for appointment of pro bono counsel and to reopen this case and extend the previously operative case management deadlines. Cf. *Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) ("A trustee may not represent a trust pro se in federal court. . . . [T]he rule that artificial entities must have licensed counsel protects the integrity and functioning of the federal courts . . . [and] safeguards the interests of unrepresented trust beneficiaries. . . . [T]his [issue] is not one that the parties may waive. Allowing . . . waive[r] [of the] statutory obligation to proceed through counsel would undermine [the general pro se provision,] 28 U.S.C. § 1654[,] and the interests that it protects. . . . Therefore, we vacate and remand to the district court to afford the trust an opportunity to obtain legal representation[.]") (simplified).

IT IS SO ORDERED.

DATED this 15th day of December, 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

PAGE 6 – OPINION AND ORDER